IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH A. McKINLEY,<br>  Petitioner, | )<br>) | Civil Action No. 12-171 Erie |
| v. | )<br>)<br>) | Magistrate Judge Susan Paradise Baxter |
| NANCY A. GIROUX, et al.,<br>  Respondents. | )<br>) | |

# OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Deborah A. McKinley. [ECF No. 1]. She is challenging the judgment of sentence imposed upon her by the Court of Common Pleas of Crawford County on April 10, 2007. Respondents have filed a motion to dismiss the petition because it is untimely. [ECF No. 9. See also ECF No. 12]. For the reasons set forth below, the motion to dismiss is granted, the petition for a writ of habeas corpus is dismissed, and a certificate of appealability is denied.

## I.

### A. Relevant Background[2]

Petitioner worked at the Quality Living Center in Crawford County. Beginning in 1997, she began to steal from residents of the facility. (See SCR at 150). On February 21, 2007, she appeared before the Court of Common Pleas of Crawford County with her attorney, M. Dana Mason, Esquire, and pleaded guilty to eight counts of Theft by Unlawful Taking. (SCR at 35-51). On April 10, 2007, the court sentenced her to an aggregated sentence of 10 to 25 years of imprisonment. (SCR at 52-95).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Respondents have submitted a hardcopy of the state court record. The documents contained therein are indexed and numbered sequentially from page 1 to 402. They shall be cited to as "SCR at __."

1

Petitioner, through new counsel Robert J. Trambley, Esquire, filed an appeal with the Superior Court of Pennsylvania. (SCR at 145-182). On February 22, 2008, the Superior Court issued a Memorandum in which it affirmed Petitioner's judgment of sentence. (SCR at 195-198). Thereafter, Petitioner filed a pro se Petition for Allowance of Appeal (a "PAA") with the Supreme Court of Pennsylvania and moved for the appointment of new counsel. (SCR at 199-212). The Court of Common Pleas appointed J. Wesley Rowden, Esquire, to represent her. He filed a petition to withdraw in accordance with Anders v. California, 386 U.S. 738 (1967), in which he stated that the PAA should be dismissed for lack of jurisdiction. (SCR at 218-226).

On October 16, 2008, the Supreme Court of Pennsylvania issued an order in which it denied the PAA and granted Rowden's motion to withdraw. (SCR at 227).[3] On that same date, the Supreme Court of Pennsylvania's Office of the Prothonotary mailed the October 16, 2008, order to Petitioner at her place of incarceration (S.C.I. Muncey). [ECF No. 12 at 6]. Her judgment of sentence became final 90 days later, on January 14, 2009. That is the date upon which the time to file a petition for a writ of certiorari with the U.S. Supreme Court expired. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the U.S. Supreme Court).

On February 20, 2009, Petitioner filed in the Court of Common Pleas a motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (SCR at 114-128). The court appointed counsel to represent her and he filed an amended PCRA motion on Petitioner's behalf. (SCR at 128-138).

---

[3] In her Reply, Petitioner states that the Supreme Court of Pennsylvania denied her PAA on direct appeal on November 5, 2008. If that were true, her petition would be timely filed. It is not, however. November 5, 2008, is the date the Court of Common Pleas lodged on its own docket the Supreme Court of Pennsylvania's Order. The record establishes that the Supreme Court of Pennsylvania issued the decision in which it denied a PAA on October 16, 2008.

2

The Common Pleas Court denied PCRA relief (SCR at 228-237), and on February 23, 2011, the Superior Court issued a Memorandum (SCR at 362- 367) in which it affirmed the Common Pleas Court's order. On August 17, 2011, the Supreme Court of Pennsylvania denied a PAA. (SCR at 402).

Petitioner filed her petition for a writ of habeas corpus with this Court on July 23, 2012. [ECF No. 1 at 19]. This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Respondents contend that the petition must be dismissed because it is untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). [ECF Nos. 9 & 12]. Petitioner has filed a Reply [ECF No. 10], and the matter is now ready for review.

**B.** **Discussion**

AEDPA requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[4] As set forth above, Petitioner's judgment of sentence became final on January 14, 2009; therefore, the one-year period for filing her federal habeas claims began to run on that date. Petitioner filed her PCRA motion approximately 37 days later, on February 20, 2009. Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Accordingly, that PCRA motion statutorily tolled AEDPA's statute of limitations beginning on February 20, 2009. Thus, when that proceeding finished,

---

[4] Petitioner does not allege that she is entitled to take advantage of any of the other provisions triggering the one-year limitations period. She did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Her claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). She has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

3

Petitioner would have approximately 328 days remaining under AEDPA's limitation period to file a timely habeas petition in federal court.

As set forth above, Petitioner's PCRA proceeding concluded on August 17, 2011, which is the date the Supreme Court of Pennsylvania denied her PAA. The next day, AEDPA's limitations period began to run again. Lawrence v. Florida, 549 U.S. 327 (2007) (a petitioner is not entitled to statutory tolling for the period available to file a petition for a writ of certiorari to the U.S. Supreme court following state *collateral* review). See also Swartz, 204 F.3d at 419-20. Petitioner, having 328 days remaining before the statute of limitations expired, had until on or around July 10, 2012, to file timely federal habeas claims with this Court. She did not initiate proceedings with this Court until, at the very earliest, July 23, 2012. Therefore, her claims are untimely.[5]

## C.     Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v.

---

[5]     The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if she shows both that (1) she has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in her way and prevented timely filing. Id. at 2562. See also Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). Petitioner does not argue that equitable tolling applies to this case, and she has not directed the Court to anything that would indicate that equitable tolling would be appropriate here.

4

McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether the instant petition should be dismissed as untimely. Accordingly, a certificate of appealability shall be denied.

## II.

For the reasons set forth above, the motion to dismiss is granted, the petition for a writ of habeas corpus is dismissed as untimely, and a certificate of appealability is denied. An appropriate Order follows.

Dated: July 10, 2013

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**DEBORAH A. McKINLEY,** )
      **Petitioner,** )    **Civil Action No. 12-171 Erie**
)
v. )
)    **Magistrate Judge Susan Paradise Baxter**
**NANCY A. GIROUX, et al.,** )
      **Respondents.** )

## **ORDER**

AND NOW, this __ day of July, 2013;

IT IS HEREBY ORDERED that the motion to dismiss [ECF No. 9] is GRANTED, the petition for a writ of habeas corpus is DISMISSED AS UNTIMELY, and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.

                                                    /s/ Susan Paradise Baxter
                                                    SUSAN PARADISE BAXTER
                                                     United States Magistrate Judge